UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SKIBOKY STORA, | : | |
| | : | |
| Plaintiff, | : | Civil No. 12-5131 (NLH) |
| | : | |
| v. | : | |
| | : | |
| MARGARET BRADY, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

**SKIBOKY STORA**, Plaintiff pro se
205952
ACJF
5060 Atlantic Avenue
Mays Landing, N.J. 08330

**HILLMAN**, District Judge

Plaintiff Skiboky Stora ("Plaintiff") seeks to bring this action *in forma pauperis*. Based on his affidavit of indigence, the Court will grant Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the complaint.

At this time, the Court must review the complaint, pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief

1

from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the complaint should be dismissed.

## I. BACKGROUND

Plaintiff brings this civil rights action, pursuant to 42 U.S.C. § 1983, against Margaret Brady and Atlantic Care Hospital.  The following factual allegations are taken from the complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

On May 16, 2012, Plaintiff was taken from the Tropicana Casino to Atlantic Care Hospital.  While in the hospital, Defendant Brady, who is a nurse at Atlantic Care Hospital, came to Plaintiff's room and attempted to get him out of bed and into a wheelchair.  She tried to lift him up and he began screaming in pain.  She hit him in his chest and pushed him back on the bed.  Defendant Brady called the police and said that Plaintiff hit her.  The police came to the hospital and arrested Plaintiff.

Plaintiff requests that Defendant Brady be fired and arrested for her false accusations.  Plaintiff also requests monetary damages.

## II. DISCUSSION

### A. Legal Standard

**1. Standards for a *Sua Sponte* Dismissal**

The Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B). This action is subject to *sua sponte* screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding as an indigent and is a prisoner.

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED.R.CIV.P. 8(a)(2).  Citing its opinion in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" *Iqbal*, 556 U.S. at 678 (quoting

3

*Twombly*, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Iqbal*).

The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible. *See Iqbal*, 556 U.S. 677-679. *See also Twombly*, 505 U.S. at 555, & n. 3; *Warren Gen. Hosp. v. Amgen Inc.*, 643 F.3d 77, 84 (3d Cir. 2011); *Bistrian v. Levi*, 696 F.3d 352 (3d Cir. 2012). "A complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)).

**2. Section 1983 Actions**

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48, 108 S.Ct. 2250, 101 L.Ed.2d 40 (1988); *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

**B. Analysis**

As noted above, to state a claim for relief under § 1983, a plaintiff must allege a violation of a constitutional right caused by a person acting under color of state law.

In this case, Defendants Brady and Atlantic Care Hospital are not state actors acting under color of state law.  "Although a private [party] may cause a deprivation of ... a right, [it] may be subjected to liability under § 1983 only when [it] does so under color of law."  *Mark v. Borough of Hatboro*, 51 F.3d 1137, 1141 (3d Cir. 1995 (quoting *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978)). The "under color of state law" requirement of 42 U.S.C. § 1983 has been treated identically to the "state action" requirement of the Fourteenth Amendment.  *See Mark*, 51 F.3d at 1141 (citing *United States v. Price*, 383 U.S. 787, 794 n. 7 (1966); *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 928 (1982); *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)).  A private entity can be sued under § 1983 where

(1) it "has exercised powers that are traditionally the exclusive prerogative of the State, *Mark*, 51 F .3d at 1142; (2) the State and the private party act in concert or jointly to deprive a plaintiff of his rights, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 170-171 (1970); (3) the State has permitted a private party to substitute his judgment for that of the State, *Cruz v. Donnelly*, 727 F.2d 79, 81-82 (3d Cir. 1984); or (4) the private party and the State have a symbiotic relationship as joint participants in the unconstitutional activity, *Edmonson v. Leesville Concrete Co., Inc.*, 500 U.S. 614, 620 (1991); *Mark*, 51 F.3d at 1143.

Applying these principles to the instant case, Plaintiff does not allege any facts indicating that the Defendants are state actors or otherwise acted under color of state law.  He also does not allege a violation of any constitutional right.  *See DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189 (1989) (Fourteenth Amendment's "purpose was to protect the people from the State, not to ensure that the State protected them from each other"); *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996) ("Individuals ... have no right to be free from infliction of [constitutional] harm by private actors"); *Jones v. Arbor, Inc.*, 820 F.Supp. 205, 208 (E.D.Pa.1993) (plaintiff did not allege that defendant corporation was a state actor or had such a symbiotic relationship with the state

6

so as effectively to be an instrumentality of the state).  Therefore, the § 1983 claims against these Defendants will be dismissed.

Further, Plaintiff does not allege jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332 and the facts alleged do not establish a basis for diversity jurisdiction.  Section 1332 can provide jurisdiction over state-law claims if, in the provision pertinent here, such claims are between "citizens of different States."  A plaintiff, as the party asserting federal jurisdiction, "must specifically allege each party's citizenship, and these allegations must show that the plaintiff and defendant are citizens of different states."  *American Motorists Ins. Co. v. American Employers' Ins. Co.*, 600 F.2d 15, 16 (5th Cir. 1979); *see also Universal Reinsurance Co., Ltd. v. St. Paul Fire & Marine Ins. Co.*, 224 F.3d 139, 141 (2d Cir. 2000)("The failure to allege [the party's] citizenship in a particular state is fatal to diversity jurisdiction").  Here, Plaintiff alleges no facts that would permit this Court to determine either his citizenship or the citizenship of the defendants.

The Court is mindful that Plaintiff appears here as a pro se plaintiff and therefore his complaint is to be held to less stringent standards than formal pleadings drafted by lawyers.  *Haines*, 404 U.S. at 519.  Nonetheless, the Court can discern no basis for asserting jurisdiction over this action.  "The person asserting jurisdiction

bears the burden of showing that the case is properly before the court at all stages of the litigation." *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3rd Cir. 1993).  For a court properly to assume jurisdiction over an action under § 1332, complete diversity must be apparent from the pleadings.  *Neat-N-Tidy Co., Inc. v. Tradepower (Holdings) Ltd.*, 777 F.Supp. 1153 (S.D.N.Y. 1991) (complaint dismissed for lack of diversity jurisdiction where corporate plaintiff failed to allege its own and defendant corporation's principal places of business).  Thus, in the present case, where the complaint fails to assert facts suggesting either federal-question or diversity jurisdiction, dismissal without prejudice for lack of jurisdiction is proper.  See *Joyce v. Joyce*, 975 F.2d 379 (7th Cir. 1992) (affirming district court's *sua sponte* dismissal for lack of subject-matter jurisdiction where jurisdictional defect was incurable).

**IV. CONCLUSION**

For the reasons set forth above, the Complaint will be dismissed without prejudice for lack of subject matter jurisdiction.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to establish subject matter

jurisdiction, the Court will grant Plaintiff leave to move to reopen and file an amended complaint.[1] An appropriate order follows.

Dated: December 18, 2012

At Camden.

                                                 s/ Noel L. Hillman
                                                NOEL L. HILLMAN
                                                United States District Judge

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*