NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| SKIBOKY STORA, | : | |
| | : | Civil Action No. 12-5131(NLH) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MARGARET BRADY, et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Skiboky Stora
559 Vermont Street
Brooklyn, NY  11207
     Plaintiff pro se

**HILLMAN,** District Judge

     Plaintiff Skiboky Stora seeks to bring this action alleging violations of his constitutional rights, asserting jurisdiction under 42 U.S.C. § 1983 (civil action for deprivation of rights) and 28 U.S.C. 1331 ("federal question" jurisdiction).

     Plaintiff was a prisoner at the time he submitted his original Complaint [1], but he has since been released.  By Opinion and Order entered December 19, 2012, this Court granted Plaintiff leave to proceed in forma pauperis, dismissed the

Complaint without prejudice, and granted Plaintiff leave to apply to re-open if he could cure the defects of his Complaint. This matter is again before the Court pursuant to Plaintiff's submission of a proposed Amended Complaint [9][1] and a Motion [7] to transfer this case to the U.S. District Court for the Eastern District of New York, at Brooklyn.[2]

At this time, the Court will re-open this action and review the proposed Amended Complaint to determine whether it should be dismissed sua sponte as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

## I.  BACKGROUND

The following factual allegations are taken from Plaintiff's Amended Complaint and are accepted as true for purposes of this review.

Plaintiff states that he resides in Brooklyn, New York.  He

---

[1] Plaintiff also submitted a proposed amended complaint [7] in February 2013, but that pleading is superseded by the second Amended Complaint [9] submitted in September 2013. See West Run Student Housing Associates, LLC v. Huntington National Bank, No. 12-2430, 2013 WL 1338986, *5 (3d Cir. April 4, 2013) (collecting cases). See also 6 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1476 (3d ed. 2008).  In any event, the two pleadings are virtually identical in substance.

[2] In the Motion to transfer, Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1332 ("diversity" jurisdiction).

alleges that he was in Atlantic City, New Jersey on May 16, 2012, when he was brought by emergency medical personnel from his hotel to the Atlanticare Regional Medical Center in Atlantic City.  Plaintiff does not describe the nature of his medical emergency, but alleges that he was immediately discharged.  He states that Defendant Nurse Margaret Brady and an Atlanticare security guard both started pulling his arms to get him out of the hospital while he was screaming in pain for them to stop.  Plaintiff asserts that Nurse Brady hit him in the chest, causing him to fall on a bed.  He claims that Defendant Nurse Brady then called the police, telling them that Plaintiff had assaulted her.

    Plaintiff states that Defendant Officers Kevin Burrows and Robert Nawroc, both of the Atlantic City Police Department, responded to the call and that Defendant Officer Burrows told Defendant Officer Nawroc to arrest Plaintiff for assault on Nurse Brady.  Plaintiff states that he told the officers that there was a camera that would reveal Nurse Brady's attack on him, and alleges that he was bruised as a result of Nurse Brady hitting him, but that the officers refused to take Plaintiff's complaint against Nurse Brady.

    Plaintiff contends that the officers falsely arrested him

3

and forced medical treatment on him.[3]  He states that he was confined for 132 days following his arrest, but does not describe the resolution of the charges against him.  He seeks damages in the amount of five million dollars for alleged violations of his rights, including, specifically: false arrest, refusal to take his complaint against Nurse Brady, filing a false police report stating that swelling was evident on Nurse Brady, and for discrimination by the police officers.  (Amended Complaint, ¶ 4.)  He names as Defendants Nurse Margaret Brady, Atlanticare Regional Medical Center, Officer Kevin Burrows, Officer Robert Nawroc, and the Atlantic City Police Department.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (citations omitted).

> While a complaint ... does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do ... .  Factual allegations must be enough to

---

[3] Plaintiff does not describe the alleged forced medical treatment.

4

> raise a right to relief above the speculative level . . . .

Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). That is, a complaint must assert "enough facts to state a claim to relief that is plausible on its face." Id. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 556). Thus, a court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (citations omitted).

> To determine whether a complaint meets the pleading standard, our analysis unfolds in three steps. First, we outline the elements a plaintiff must plead to state a claim for relief. Next, we peel away those allegations that are no more than conclusions and thus not entitled to the assumption of truth. Finally, we look for well-pled factual allegations, assume their veracity, and then "determine whether they plausibly give rise to an entitlement to relief." This last step is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense."

Bistrian v. Levi, 696 F.3d 352, 365 (3d Cir. 2012) (citations omitted).

5

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

Where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34 (1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)), cited in Thomaston v. Meyer, No. 12-4563, 2013 WL 2420891, *2 n.1 (3d Cir. June 5, 2013); Shane v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

### III.  SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must

6

allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Malleus v. George</u>, 641 F.3d 560, 563 (3d Cir. 2011).

IV. <u>ANALYSIS</u>

A. <u>Motion to Transfer</u>

In support of his Motion to transfer this matter to the District Court for the Eastern District of New York, Plaintiff asserts that he was injured in an accident and that his health prevents him from travelling to Camden, New Jersey. He has attached two letters from doctors that reflect that he is receiving treatment for chronic back pain. The Court finds that transfer would not be appropriate.

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, ... or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).[4] Pursuant to 28 U.S.C. § 1404(a), "For the

---

[4] For purposes of venue under this section, a defendant that is a corporation shall be deemed to reside "in any judicial district in which such defendant is subject to the court's personal

7

convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."

Here, Plaintiff has alleged that all of the Defendants reside in the District of New Jersey and that all of the events giving rise to his claims also occurred in the District of New Jersey. He has not obtained the consent of the other parties to any transfer. Accordingly, it would not be appropriate to transfer this matter to the Eastern District of New York, where none of the events giving rise to this action occurred and where only Plaintiff resides.

B.   Claims Against Police Officers Burrows and Nawroc

   1.   False Arrest

Plaintiff contends that Officers Burrows and Nawroc subjected him to a false arrest when they arrested him for assault.

It is well established in the Third Circuit that an arrest without probable cause is a Fourth Amendment violation actionable under § 1983. See Berg v. County of Allegheny, 219 F.3d 261, 268-69 (3d Cir. 2000) (collecting cases); see also,

---

jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2).

Albright v. Oliver, 510 U.S. 266, 274 (1994)(a section 1983 claim for false arrest may be based upon an individual's Fourth Amendment right to be free from unreasonable seizures).

To state a Fourth Amendment claim for false arrest, a plaintiff must allege two elements: "(1) that there was an arrest; and (2) that the arrest was made without probable cause." James v. City of Wilkes-Barre, 700 F.3d 675, 680 (3d Cir. 2012) (citing Groman v. Twp. of Manalapan, 47 F.3d 628, 634 (3d Cir. 1995) and Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988)). Probable cause exists "whenever reasonably trustworthy information or circumstances within a police officer's knowledge are sufficient to warrant a person of reasonable caution to conclude that an offense has been committed by the person being arrested." United States v. Myers, 308 F.3d 251, 255 (3d Cir. 2002) (citing Beck v. State of Ohio, 379 U.S. 89, 91 (1964)). "Probable cause . . . requires more than mere suspicion; however, it does not require that the officer have evidence to prove guilt beyond a reasonable doubt." Orsatti v. New Jersey State Police, 71 F.3d 480, 482-83 (3d Cir. 1995).

Here, Plaintiff has alleged that officers Burrows and Nawroc responded to a call by Nurse Brady and an Atlanticare security guard, both of whom advised the police officers that Plaintiff had assaulted Nurse Brady. While additional or

9

conflicting evidence may have been available, in light of the statement of the alleged victim and witness, Plaintiff has failed to allege facts demonstrating the absence of probable cause necessary to establish a § 1983 claim for false arrest. To the contrary, by acknowledging that Nurse Brady told the officers that she was assaulted, Plaintiff has affirmatively stated that the officers <u>had</u> probable cause.  <u>Cf.</u>, <u>e.g.</u>, <u>Cummings v. City of Philadelphia</u>, 137 F.App'x 504 (3d Cir. 2005), <u>cert. denied</u>, 546 U.S. 1185 (2006) (holding that, in light of victim's statement, officer's reckless omission of non-material exculpatory facts from affidavit of probable cause for arrest warrant does not undermine finding of probable cause). Therefore, this claim will be dismissed with prejudice.

    2.   <u>False Statement in Police Report</u>

Plaintiff alleges that the officers falsely stated in their police report, after his arrest, that there was swelling evident on Nurse Brady.

The law is clear that there is no constitutional right to a correct police report.  <u>See generally</u> <u>Jarrett v. Township of Bensalem</u>, 312 F.App'x 505 (3d Cir. 2009); <u>Thompson v. Howard</u>, Civil No. 09-1416, 2013 WL 2338247 (W.D. Pa. May 29, 2013) (collecting cases); <u>Bush v. City of Philadelphia</u>, Civil No. 98-0994, 1999 WL 554585 (E.D. Pa. July 16, 1999) (collecting cases and finding no civil rights violation in the absence of some

10

evidence of separate deprivation of a constitutional right as a result of the false statement).  Here, as Plaintiff accuses the police officers of creating a false report <u>after</u> they arrested him, and does not allege any further use of that report against him, he has failed to state a claim for deprivation of a constitutional right based on the allegedly false report.  <u>Cf.</u>, <u>e.g.</u>, <u>Martin v. City of Reading</u>, Civil No. 12-3665, 2013 WL 5429358 (E.D. Pa. Sept. 30, 2013) (holding that plaintiff states a claim for unconstitutional deprivation of liberty where deliberately false police report <u>led to</u> his arrest and prosecution).  Accordingly, this claim will be dismissed without prejudice.

   3.   <u>Failure to Investigate</u>

   Plaintiff alleges that the police officers violated his rights when they refused to take his complaint against Nurse Brady.

   "'[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim.'" <u>Graw v. Fantasky</u>, 68 F.App'x 378, 383 (3d Cir. 2003) (unpubl.) (quoting unpubl. District Court opinion) (citing <u>DeShaney v. Winnebago County Dep't of Soc. Servs.</u>, 489 U.S. 189, 195-96 (1989)); <u>Hunter v. Philadelphia Police Dept. Medical Examiner's Office of Philadelphia Co.</u>, Civil No. 12-2497, 2012 WL 1852980 (citing

11

Graw and dismissing claim based on alleged failure to properly investigate death from a gunshot wound).

To the extent Plaintiff seeks damages for the failure to prosecute Nurse Brady, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). See also Leeke v. Timmerman, 454 U.S. 83, 85-87 (1981) (same); Morrow v. Meehan, 258 F.App'x 492, 494 (3d Cir. 2007) (citing Leeke and noting that "[c]ommencing a prosecution under any criminal law is discretionary"). Accordingly, this claim will be dismissed with prejudice.

   4.   Discrimination

Plaintiff alleges that the officers discriminated against him, which this Court construes as an attempt to state a claim for violation of his right to equal protection.

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike. City of Cleburne, Texas v. Cleburne Living Center, 473 U.S. 432, 439 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982); Artway v. Attorney General of New Jersey, 81 F.3d 1235, 1267 (3d Cir. 1996)). Despite its sweeping language, though, "[t]he Equal Protection Clause does not forbid

12

classifications. It simply keeps governmental decisionmakers from treating differently persons who are in all relevant respects alike." Nordlinger v. Hahn, 505 U.S. 1, 10 (1992), quoted in Keystone Redevelopment Partners, LLC v. Decker, 631 F.3d 89, 109 (3d Cir. 2011).

Proof of disparate impact alone, however, is not sufficient to succeed on an equal protection claim; a plaintiff also must prove that the defendant intended to discriminate. Village of Arlington Heights v. Metropolitan Housing Development Corp., 429 U.S. 252, 264-66 (1977); Washington v. Davis, 426 U.S. 229, 242, 244-45 (1976).  Thus, discriminatory intent must be a motivating factor in the decision, but it need not be the sole motivating factor.  Village of Arlington Heights, 429 U.S. at 265-66, cited in Community Services, Inc. v. Wind Gap Mun. Authority, 421 F.3d 170, 177 (3d Cir. 2005).

Here, Plaintiff has failed to allege any facts that would suggest that he was treated differently from other persons who are similarly situated, or that any Defendant intended to discriminate against him. Cf. Al-Shahin v. U.S. Dept. of Homeland Security, Civil Action No. 06-5261, 2007 WL 2985553, *11 (D.N.J. Oct. 4, 2007) (dismissing generalized allegation of equal protection violation asserted by alien detainee challenging conditions of confinement), cited in Mebuin v. U.S., Civil No. 13-0443, 2013 WL 4012449 (D.N.J. Aug. 5, 2013) (same).

Accordingly, the equal protection claim will be dismissed without prejudice.

### 5. Forced Medical Treatment

Plaintiff alleges that the officers forced him to undergo medical treatment at the time of his arrest. He provides little information regarding his condition at the time, only his statements that he was brought to the hospital by emergency medical personnel, that Nurse Brady and the security guard had caused him to scream in pain when they tried to remove him, and that Nurse Brady had bruised him when she pushed him on the bed. Plaintiff also provides no information regarding the nature of the alleged medical treatment.

Arrestees and pre-trial detainees are protected by the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 n.16, 545 (1979); Bistrian v. Levi, 696 F.3d 352, 373-74 (3d Cir. 2012).

Involuntarily committed mental patients and convicted prisoners retain a limited substantive due process right to refuse medical treatment and to be informed of the proposed treatment and viable alternatives. See, Youngberg v. Romeo, 457 U.S. 307, 322-23 (1982); White v. Napoleon, 897 F.2d 103, 113 (3d Cir. 1990). There is no principled reason to distinguish the circumstances of either of these populations from those of

14

an arrestee or pre-trial detainee. Cf. Bell v. Wolfish, 441 U.S. at 545 (with respect to prison conditions, pretrial detainees retain at least those constitutional rights enjoyed by convicted prisoners); Kost v. Kozakiewicz, 1 F.3d 176, 187-88 (3d Cir. 1993) (same). See also King v. County of Gloucester, 302 F.App'x 92, 98 n.4 (3d Cir. 2008) (citing White and noting in dicta that pre-trial detainees have a qualified right to refuse medical treatment). The scope of the right to refuse treatment is circumscribed, however, by "legitimate countervailing State interests." Youngberg, 457 U.S. at 319-23; White, 897 F.2d at 112-13 (noting that "prison authorities have a legitimate interest in maintaining safety and security").

> Given the similarity of the State's interests in the administration of mental hospitals and prisons, the limitation on a prisoner's right of refusal should be similar to the limitations on the right of an involuntarily committed mental patient. Accordingly, a prison may compel a prisoner to accept treatment when prison officials, in the exercise of professional judgment, deem it necessary to carry out valid medical or penological objectives. As in the case of mental institution authorities, the judgment of prison authorities will be presumed valid unless it is shown to be such a substantial departure from accepted professional judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision on such judgment. Cf. Youngberg v. Romeo, 457 U.S. at 323, 102 S.Ct. at 2462; Rennie[ v. Klein], 720 F.2d [266, 274 (3d Cir. 1983)].

White, 897 F.2d at 113.

Here, Plaintiff has failed to provide sufficient factual information to raise his claim for relief "above the speculative

level." See Twombly, 550 U.S. at 555. He has failed to describe his condition, the interaction (if any) that preceded the alleged forcible medical treatment, or the nature of the alleged medical treatment. Accordingly, this claim will be dismissed without prejudice.

C. <u>Claims Against the Atlantic City Police Department</u>

Plaintiff names as a Defendant the Atlantic City Police Department. However, he has failed to allege any facts that would support a basis for liability on the part of the Police Department.

Local government units and supervisors are not liable under § 1983 solely on a theory of <u>respondeat superior</u>. See <u>Connick v. Thompson</u>, 131 S.Ct. 1350, 1358-61 (2011); <u>City of Oklahoma City v. Tuttle</u>, 471 U.S. 808, 824 n.8 (1985); <u>Monell v. New York City Department of Social Services</u>, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); <u>Mulholland v. Government County of Berks, Pa.</u>, 706 F.3d 227, 237 (3d Cir. 2013); <u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575, 583-84 (3d Cir. 2003). "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of

16

respondeat superior.  Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted), quoted in Evancho v. Fisher, 423 F.3d 347, 353 (3d Cir. 2005).

To establish municipal liability under § 1983, "a plaintiff must show that an official who has the power to make policy is responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom."  Bielevicz v. Dubinon, 915 F.2d 845, 850 (3d Cir. 1990), quoted in Watson v. Abington Twp., 478 F.3d 144, 156 (3d Cir. 2007) and cited in Olivieri v. County of Bucks, 502 F.App'x 184, 189 (3d Cir. 2012).  A plaintiff must demonstrate that, through its deliberate conduct, the municipality was the moving force behind the plaintiff's injury.  Monell, 436 U.S. at 689.

"A policy is made 'when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict.'"  Natale, 318 F.3d at 584 (citations omitted).  "A custom is an act 'that has not been formally approved by an appropriate decisionmaker,' but that is 'so widespread as to have the force of law.'"  Id. (citation omitted).

> There are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom

> the employee works, thereby rendering the entity liable under § 1983. The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy." The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself." Finally, a policy or custom may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'"

Natale, 318 F.3d at 584 (footnote and citations omitted).

Here, of course, Plaintiff has failed to establish that any police officer violated his constitutional rights. Thus, he cannot establish that he was injured as a result of any custom or policy of the Atlantic City Police Department. In any event, Plaintiff has failed to identify any custom or policy that played any role in the events complained of. Accordingly, this claim will be dismissed without prejudice.

D.   Claims Against Margaret Brady and Atlanticare

Plaintiff asserts generally that Nurse Margaret Brady and Atlanticare Regional Medical Center are also liable to him for violations of his rights. As noted above, however, to state a claim under § 1983 for violation of a right secured by the Constitution or laws of the United States, a plaintiff must also establish that the alleged deprivation was committed or caused

18

by a person acting under color of state law.

"[T]he under-color-of-state-law element of § 1983 excludes from its reach 'merely private conduct, no matter how discriminatory or wrongful.'" American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (citations omitted), quoted in Bates v. Paul Kimball Hosp., 346 F.App'x 883, 887 (3d Cir. 2009).  Nevertheless, "the deed of an ostensibly private organization or individual" at times may demand to be treated "as if a State has caused it to be performed."  Brentwood Academy v. Tennessee Secondary Sch. Athletic Ass'n, 531 U.S. 288 (2001).  Specifically, "state action may be found if, though only if, there is such a 'close nexus between the State and the challenged action' that seemingly private behavior 'may be fairly treated as that of the State itself.'" Id. (quoting Jackson v. Metropolitan Edison Co., 419 U.S. 345, 351 (1974)).

Here, Plaintiff has alleged no facts that would permit this Court to find that Nurse Brady or Atlanticare Regional Medical Center were acting under color of state law in their interactions with Plaintiff.  Accordingly, this claim must be dismissed without prejudice.

## V.  CONCLUSION

For the reasons set forth above, this Court will deny the Motion to transfer.  In addition, this Court will dismiss with prejudice, for failure to state a claim, the claims against

Officers Burrows and Nawroc, for false arrest, making false statements in a police report, and failure to investigate.  All remaining claims will be dismissed without prejudice for failure to state a claim.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim with respect to those claims dismissed without prejudice, the Court will grant Plaintiff leave to file an application to re-open accompanied by a proposed third amended complaint.[5]  No further opportunities to amend will be granted.

      An appropriate order follows.

At Camden, New Jersey                        s/Noel L. Hillman
                                                         Noel L. Hillman
                                                         United States District Judge

Dated:  May 22, 2014

---

[5] Plaintiff is reminded that when an amended complaint is filed, it supersedes the original and renders it of no legal effect, unless the amended complaint specifically refers to or adopts the earlier pleading.  To avoid confusion, the safer practice is to submit an amended complaint that is complete in itself.